FILED

NOV 2 7 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>Plaintiff, )<br>)<br>v. )<br>)<br>Epifano MERCADO, )<br>)<br>Defendant. )<br>————————————————— ) | Magistrate Case No.: 07MJ8907<br><br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. §§ 3141 et seq.), a detention hearing was held on November 8, 2007, to determine whether defendant Epifano MERCADO should be held in custody pending trial on the ground that he is a risk of flight. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Attorney Diane Regan of Federal Defenders of San Diego, Inc., appeared on behalf of Defendant.

Based on the evidence proffered by the United States and Defendant, the Pretrial Services report, and the complaint issued against Defendant, on October 26, 2007, in the Central District of California concludes that the following facts establish, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

///

///

# I

## FINDINGS OF FACT

A.      Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))

1.      On October 26, 2007, a Complaint (Magistrate Case Number 07-1796M) was filed in the Central District of California charging Defendant with Conspiracy to Possess With Intent to Distribute and Distribute Cocaine, in violation of Title 21 U.S.C. § 841(a)(1) and Title 21 U.S.C. § 846.

Based on the complaint, probable cause exists to believe Defendant committed the charged drug trafficking offense.

2.      The Controlled Substances Act, 21 U.S.C. §§ 801-890, mandates that any person who commits a drug trafficking offense that involves 5 kilograms or more of a substance containing a detectable amount of cocaine shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. See 21 U.S.C. § 841(b)(1)(A)(ii). Because the charged drug trafficking offense carries a maximum term of imprisonment of 10 years or more, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community. See 18 U.S.C. §3142(e)(1).

3.      According to the advisory United States Sentencing Guidelines, the charged offense triggers a base offense level of 32. See USSG § 2D1.1(c)(4). This base offense level corresponds to a sentencing range of at least 121-151 months.

B.      Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1.      On October 26, 2007, an Arrest Warrant for Defendant's arrest was issued by the Central District of California based on a complaint (Magistrate Case Number: 07-1796M) charging Defendant with Conspiracy to Possess With Intent to Distribute and Distribute Cocaine, in violation of Title 21 U.S.C. § 841(a)(1) and Title 21 U.S.C. § 846.

2.      Based on an authorized wire tap interception, Defendant was the source on 20 kilograms of cocaine seized on December 9, 2006, in Kansas.

3.      Additionally, the government proffered that DEA Agent Eric Kisher had received a telephone call from Defendant threatening him and stating he worked for the Arrellano-Felix Organization.

1            4.      The Defendant potentially has charges that my be filed in the kidnapping of a 17-

2    year-old victim.

3         A.    History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)

4            1.      Defendant is a citizen of the United States.

5            2.      Defendant resides in El Monte, California.

6         D.    Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)

7            1.      The charged crime is a drug trafficking offense, triggering the presumption that

8    Defendant should be detained as a risk of danger to the community.  18 U.S.C. § 3142(e).   Defendant

9    has the following criminal history:

10        06/07/97 -148.9 (A) PC False ID To Specific Peace Officer - Disposition Unknown

11        08/03/97 - 459 PC Burglary - 3 years probation, 180 days jail
     05/05/98 - 422 PC Threaten crime with intent to terrorize - 10 days jail, 3 yrs probation

12        06/18/98 - 16028(A) VC Fail prove financial responsibility:PO request Sentence suspended

13                    148.9(A) PC False ID to peace officer - 45 days jail, imposed sentence suspended, 2
years probation.

14        11/28/00- Misd 23152(B) VC DUI 2 days jail, imposition sentence suspended, 5 years prob

15        03/12/01 - Misd 14601.2(A) VC Drive:license suspended/etc:DUI:ssspec violation - 120 days
jail

16        09/05/04 - 23152(A) / 23152(B) VC DUI - Disposition Unknown
     01/12/05 - 14601.1(A) VC Drive while license suspend/etc. - Disposition Unknown

17                             II

18                    REASONS FOR DETENTION

19        A.    There is probable cause to believe that Defendant committed the offenses charged in the

20   Eastern Central District of California based on the complaint (Magistrate Case Number: 07-1796M).

21        B.    Due to the amount and type of drugs, a rebuttable presumption arises that no condition

22   or combination of conditions will secure Defendant's attendance at trial.  Defendant has failed to rebut

23   that presumption.

24        C.    Defendant faces a substantial period of time in custody if convicted of the offense charged

25   in the indictment.   Specifically, he faces a potential mandatory minimum sentence of 10 years

26   imprisonment and a maximum of life imprisonment.  He therefore has a strong motive to flee.

27        D.    The Court finds that the Government has sustained its burden of demonstrating, by a

28   preponderance of the evidence, that Defendant is a risk of flight and that there are no conditions or
combination of conditions that would ensure Defendant's appearance for future court appearances.

1                                    III

2                                  ORDER

3          IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

4          IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney

5   General or his designated representative for confinement in a corrections facility separate, to the extent

6   practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

7   Defendant shall be afforded reasonable opportunity for private consultation with counsel.

8          While in custody, upon order of a court of the United States or upon the request of an attorney

9   for the United States, the person in charge of the correctional facility shall deliver Defendant to the

10  United States Marshal for the purpose of an appearance in connection with a court proceeding or any

11  other appearance stipulated to by defense and government counsel.

12         THIS ORDER IS ENTERED WITHOUT PREJUDICE.

13         IT IS SO ORDERED.

14         DATED:   11-27-07                        .

15

16                                         _____
                                           PETER C. LEWIS
17                                         UNITED STATES MAGISTRATE JUDGE

18  Prepared by:

19  KAREN P. HEWITT
    United States Attorney

20

21  _____
    John F. Weis
22  Assistant U. S. Attorney

23  cc: Diane Regan,
        Federal Defenders of San Diego, Inc.

24

25

26

27

28

                                        4